UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MALIKA JONES-BROCKINGTON, )
)
    Plaintiff, )
)
v. ) CV422-121
)
KILOLO KIJAKAZI, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Malika Jones-Brockington seeks to proceed *in forma pauperis* ("IFP") in this action seeking review of the denial of her application for disability benefits under the Social Security Act. Doc. 1 (Complaint); doc. 2 (IFP application). As she does not appear indigent but has limited ability to prepay the required fee, her motion to proceed IFP should be **GRANTED, in part**, and **DENIED, in part**. Doc. 2.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible to do so without undue hardship. *Thomas v. Secretary of*

*Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). In her application, Plaintiff discloses that she has $88.15 in several bank accounts, and that she and her spouse have a combined monthly income of $3,655. *See* doc. 2 at 2. This monthly income exceeds the household's total monthly expenses of $2965.84. *See id.* at 4-5. Her household's $689.16 in monthly discretionary income suggests that payment of court fees is not an impossibility.[1] As such, she is not entitled to a waiver of the required filing fee.

---

[1] Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities. But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (internal cites omitted).

Section 1915 permits the Court to "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without *prepayment* of fees." 28 U.S.C. § 1915(a)(1) (emphasis added). While a waiver of the filing fee is not appropriate in this case, Plaintiff's request to avoid prepaying the fee should be **GRANTED, in part**, and **DENIED, in part**. Doc. 2. As such, Plaintiff should be **DIRECTED** to remit the $400 filing fee in four monthly installments, each of $100. Plaintiff should be **DIRECTED** to remit the first $100 installment within 30 days of this Report and Recommendation ("R&R"), and to remit the full $400 fee within 120 days of this R&R. Failure to remit the full fee within the period provided will result in a recommendation of dismissal.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 24th day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA