## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

MALIKA JONES-BROCKINGTON,

        Plaintiff,

    v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

        Defendant.

CIVIL ACTION NO.: 4:22-cv-121

## O R D E R

Plaintiff Malika Jones-Brockington seeks attorney's fees under the Equal Access to Justice Act. (Doc. 22.) Defendant Commissioner of Social Security apparently does not oppose the motion. For the reasons set forth herein, the Court **GRANTS** the Plaintiff's Consent Motion for Attorney's Fees and Costs under the Equal Access to Justice Act. (Id.)

## BACKGROUND

In this Social Security appeal, the Court granted Defendant's Unopposed Motion for Remand Under Sentence Four of 42 U.S.C. § 405(g), which Defendant filed after being served with Plaintiff's brief in support of the appeal. (Doc. 20.) Defendant requested remand to the agency "for further consideration and administrative action." noting that, on remand, "the [Administrative Law Judge] will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." (Doc. 19.) Judgment was entered remanding the case two days later. (Doc. 21.)

Plaintiff has since filed the instant Motion for Attorney's Fees and Costs under the Equal Access to Justice Act (hereinafter, the Equal Access to Justice Act will be referred to as "the EAJA").  (Doc. 22 (citing 28 U.S.C. § 2412(d)).)   Plaintiff requested an award of attorney's fees in the amount of $5,231.78 (for 21.63 attorney hours), costs in the amount of $402.00 (for filing), and expenses in the amount of $24.18 (for certified mail used for service of process).  (Id. at p. 1.)   Plaintiff labels her motion a "consent motion" and states within that her counsel "has contacted counsel for the Defendant who has indicated the Defendant does not oppose the above amount in attorney fees."  (Doc. 22, p. 2.)   Defendant has not filed any response, much less voiced any opposition, to Plaintiff's Motion.

Notwithstanding Defendant's apparent lack of opposition to the requested fees, costs, and expenses in this matter, the Court is obligated to review the Motion and determine whether the proposed award is reasonable.  See Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 151–52 (1990) ("The key words chosen by the Congress when enacting the EAJA are 'a court shall' and 'unless the court finds.'  These are clear words of direction from the Congress to the courts indicating that it is a court's responsibility to determine whether or not and at what level attorney's fees are appropriate in an EAJA case.   This determination rests squarely within the discretion of the judicial officer, who must or 'shall award' to a prevailing party fees and costs.   In accordance with the statutory terms, it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation."); Beutel v. Berryhill, No. 3:17CV01193(SALM), 2018 WL 4936002, at *1 (D. Conn. Oct. 11, 2018) ("[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation.") (quoting Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp.

73, 75 (W.D.N.Y. 1989)); Piner v. Berryhill, No. 1:17-CV-00317-TMC, 2018 WL 560155, at *1 (D.S.C. Jan. 25, 2018) ("Despite there being no objection, the court is obligated under the EAJA to determine if the fee is proper.").

### DISCUSSION

The Court may award attorney's fees under the EAJA upon a showing that: (1) the claimant is a prevailing party, (2) the Government's position was not substantially justified, (3) the claimant's application was timely filed, (4) the claimant's net worth was less than $2 million when the complaint was filed, and (5) no circumstances make the award unjust.  See 28 U.S.C. § 2412(d).  The fee award must also be reasonable.  Id. § 2412(d)(2)(A).  The Court finds—and Defendant does not dispute—that Plaintiff satisfied the first five requirements under 28 U.S.C. § 2412(d).  (See doc. 22.)  Thus, the Court turns to the reasonableness of the requested fees and costs.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate.  Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988).  In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted).  Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).

First, the number of hours expended on this case by Plaintiff's counsel appears reasonable. After exercising billing discretion, counsel requests fees for 21.63 hours of work.  (Doc. 22-3.)

The transcript totaled more than 600 pages, (see doc. 15), and counsel distilled that record down into a persuasive brief analyzing three distinct issues, (doc. 16).   After receiving the brief, Defendant opted to seek remand of the case.   (See doc. 19.)

Plaintiff seeks fees at an hourly rate of "the EAJA cap adjusted to account for the increase in the cost of living, without considering any special factors."   (See doc. 22-1, p. 4.)   A cost-of-living increase is specifically mentioned in the EAJA as a factor justifying an hourly rate higher than $125.   See 28 U.S.C. § 2412(d)(2)(A).   Defendant does not object to Plaintiff's counsel's proposed hourly rates, which varied slightly over the course of the case, with the lowest rate being $292.66 per hour and the highest being $302.41 per hour, (doc. 22-3).   Plaintiff has also offered support for a cost-of-living-based increase commensurate with their requested hourly rates.   The Court has reviewed the affidavits given by each of Plaintiff's three attorneys, detailing their education and experience (including experience specifically in the field of Social Security disability law), (docs. 22-6, 22-7 & 22-8), and the Court approves the proposed hourly rates as reasonable.   Given the reasonableness of the hours expended and the hourly rates, the Court awards Plaintiff[1] $5,231.78 in attorney's fees.

---

1 Plaintiff has provided a copy of a fee contract that includes an assignment of any EAJA fee award.   (Doc. 22-2.)   Additionally, her Motion includes the following language: "If the United States Treasury Department determines that Plaintiff does not owe a federal debt, Plaintiff asks that the Commissioner accept Plaintiff's assignment of EAJA fees to counsel, and that payment be made directly to counsel." (Doc. 22, pp. 1–2.)   In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."   Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011).   The Court thus awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt."   Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-cv-2073, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

In addition to attorney's fees, Plaintiff requests an award of case expenses in the amount of $24.18 (for service of process via certified mail) as well as the charging against Defendant of costs in the amount of $402.00 (for the filing fee).   Both of these items are generally compensable, see 31 U.S.C. § 1304; 28 U.S.C. § 1920, but their expenditure must be supported by evidence. While the docket and the record in the case demonstrate that Plaintiff did in fact pay the $402 filing fee (in installments on July 5, 2022, and July 27, 2022), Plaintiff has not presented evidence to support the claim that she paid $24.18 for certified mailing. Accordingly, the Court will permit recovery of the filing fee but not the certified mail expenses.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Consent Motion for Attorney's Fees and Costs under the Equal Access to Justice Act. (Doc. 22.)   The Motion is **GRANTED** as to the request for $5,231.78 in attorney's fees and $402 for the filing fee, but it is **DENIED** as to the request for $24.18 for certified mailing.   This case remains **CLOSED**.

**SO ORDERED**, this 8th day of May, 2025.

_____

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA